**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ANDREW J. BORLAND**
Borland & Gaerte
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 07 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDREA AVERITTE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1203-CR-251 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARIAN SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-1108-FC-56579

**December 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Andrea Averitte appeals her conviction for forgery, as a Class C felony, following a jury trial. Averitte raises a single issue for our review, namely, whether the State presented sufficient evidence to support her conviction. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On June 1, 2011, Averitte and Jennifer Cobb entered the Hoot's Liquor Store ("Hoot's") on North Illinois Street in Indianapolis. Averitte presented a check to Stephanie Bridges, a manager of Hoot's who was working the cash register at the time. The check purported to be written on the account of an Oklahoma business and was made out to Averitte. Pursuant to Hoot's policy, Bridges asked for an ID from the woman who presented the check. The ID, a driver's license, matched Averitte's name and the photo matched the woman who presented it.

After the check twice failed to clear the store's computer system, Bridges took it and Averitte's license to a back room to try to contact the maker of the check by telephone. She was unable to reach anyone. She then returned to the register to give the two women the check and license back, but they had left.

Later that day, Cobb returned and told Bridges that Averitte's son had an asthma attack and Averitte needed her license back. Bridges recognized Cobb by her neck tattoo. Bridges refused to give Averitte's license to Cobb.

Thereafter, Bridges contacted local police. A few weeks later, Detective Glen Schmidt met with Bridges and showed her a photographic array. Bridges selected Averitte's photo as matching the woman who had presented the check.

2

On August 12, 2011, the State charged Averitte with forgery, as a Class C felony, and attempted theft, as a Class D felony. Bridges testified at the ensuing jury trial. Following the presentation of the State's evidence, Averitte testified on her own behalf and claimed that she had not been at Hoot's on the day in question and, instead, Cobb had acted alone. Averitte further testified that she had not realized her license was missing until July 27, although records from the Bureau of Motor Vehicles demonstrated that she had sought a new license on June 10, just nine days after the events at Hoot's.

The jury found Averitte guilty as charged, and the trial court entered judgment of conviction on the Class C felony forgery verdict. This appeal ensued.

### DISCUSSION AND DECISION

On appeal, Averitte contends that the State failed to present sufficient evidence to support her conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the verdict and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

The State charged Averitte with forgery, as a Class C felony. To prove that charge, the State was required to show that Averitte, with the intent to defraud, made, uttered, or possessed a written instrument in such a manner that it purported to have been made by authority of one who did not give authority. Ind. Code § 35-43-5-2(b).

3

The State presented sufficient evidence to support its allegation. Bridges testified that Averitte presented a check that purported to have been made under the authority of an Oklahoma business. The check could not be verified. Averitte and the State stipulated that the check was not genuine, that Averitte had never worked for the company, and that the company had not given Averitte permission to cash the check. Bridges personally observed Averitte present the check, confirmed her identity on her license, submitted Averitte's license to police, and identified Averitte in a photo array. She then identified Averitte in the courtroom in front of the jury. The State met its burden of proof.

Averitte's argument on appeal emphasizes her own testimony in place of Bridges' testimony. But that argument is merely a request for this court to reweigh the evidence, which we will not do. See Jones, 783 N.E.2d at 1139. Accordingly, we affirm Averitte's conviction.

Affirmed.

KIRSCH, J., and MAY, J., concur.